IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RONAN TELEPHONE COMPANY,<br><br>Plaintiff/<br>Counter-Defendant,<br><br>vs.<br><br>LEVEL 3 COMMUNICATIONS, LLC; WILTEL COMMUNICATIONS, LLC; and GLOBAL CROSSING TELECOMMUNICATIONS, INC.<br><br>Defendants/<br>Counter-Claimants. | CV 16–52–M–DWM<br><br>OPINION<br>and ORDER |

In 2016, Ronan Telephone Co. ("Ronan") sued Level 3 Communications, LLC, Wiltel Communications, LLC, and Global Crossing Telecommunications, Inc. (collectively "Level 3") for failure to pay access charges under federal and state tariffs. The case was stayed pending a Petition for Declaratory Ruling before the Montana Public Services Commission regarding the access charges. (Doc. 5.) That stay was lifted in June 2021 in anticipation of the Commission resolving the statute of limitation issues. (Doc. 34.) The Commission ultimately held that the tariff did not permit Ronan to bill minimum monthly charges for access services and that a five-year statute of limitations applied to wrongful billing claims under

1

Montana Code Annotated § 27–2–231. (*See* Doc.55-1.) Level 3 filed an answer to Ronan' complaint, including affirmative defenses and a counterclaim based on Ronan's alleged improper billing. (Doc. 38.) Ronan now seeks to stay the present case pending resolution of its appeal of the Commission's decision in Montana state court, specifically the applicable statute of limitations. (Doc. 54; *see also* Doc. 55-2 (Petition for Judicial Review).) That motion is denied.

Ronan argues that a stay of this proceeding is proper under the *Burford* abstention doctrine, as well as principles of comity and wise judicial administration. (*See* Doc. 55.) In *Burford v. Sun Oil Co.*, the Supreme Court held that when an issue "clearly involves basic problems of [state] policy[,] . . . equitable discretion should be exercised to give [state] courts the first opportunity to consider them." 319 U.S. 315, 332 (1943). The Supreme Court has since clarified:

> *Burford* allows a federal court to dismiss a case only if it presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar, or if its adjudication in a federal forum would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 726–27 (1996) (quotation marks omitted).[1] Ultimately, federal courts must carefully balance "a strong federal

---

[1] The Supreme Court indicated that *Burford* would apply in the context of a stay as well. *See Quackenbush*, 517 U.S. at 730–31.

interest in having certain classes of cases" against "the State's interest in maintaining uniformity in the treatment of an essentially local problem," recognizing that "[t]his balance only rarely favors abstention" and *Burford* represents "an extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it." *Id.* at 728 (quotation marks omitted).

Here, Ronan insists a stay would allow the Montana state courts to resolve the statute of limitations that applies to tariff claims, such as the one raised here. While Ronan persuasively argues that this matter is one of regulatory concern and it is presently being addressed in the state court, Ronan fails to show that adjudication of the current action will be disruptive to Montana's regulatory regime or judicial review thereof. First, as argued by Level 3, the present case does not seek to review the Commission's decision; rather, this Court, sitting in diversity, must consider the law as it stands in Montana. Second, as recognized by Ronan, the Montana Legislature has since "resolve[d] the statute of limitations question going forward." (*See* CV 16-06-M-DWM, Doc. 30 at 13; *see also* Doc. 57 at 10–11.) Pursuant to Montana Code Annotated § 69–3–225, which went into effect in 2021, the statute of limitations in these types of cases is now two years. Thus, regardless of how the state court resolves Ronan's appeal of the Commissioner's decision or the statute of limitations applied in this case, there will

3

be no future effect on Montana's regulatory regime. *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989) (explaining that abstention is appropriate where the federal case "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern"). Abstention would neither preserve uniformity nor prevent disruption of the state's regulatory regime.

Third, there is more to this case than Level 3's overbilling counterclaim. The present motion is not based on any of the affirmative claims raised by Ronan, (*see* Doc. 55 at 2), and as Verizon has indicated, the merits of the claims can be "easily separated," (Doc. 57 at 10).

Finally, while not dispositive, Ronan's delay in seeking relief counsels against delaying this case further. While Ronan was arguably not able to seek judicial review until after it sought reconsideration before the Commission—which accounts for the delay from July 2021 to October 2021, (*see* Doc. 55 at 7–8)—that does not explain why Ronan waited until now to move for a stay. Level 3 first raised its counterclaim in July 2021, (Doc. 36), and in the companion case, *Ronan Telephone Co. v. MCI Communications Services LLC*, Verizon added its tariff counterclaim in December 2021, (*see* CV 16–06–M–DWM, Doc. 22). And, as recognized by both parties, this case has been pending for over six years, with the

4

dispute before the Commission lasting even longer. Further delay cannot be justified.

Accordingly, IT IS ORDERED that Ronan's motion for a stay (Doc. 54) is DENIED.

DATED this 25th day of March, 2022.

_____
Donald W. Molloy, District Judge
United States District Court